## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

JONATHAN SHELINE

       PLAINTIFF,

v.                               CIVIL ACTION NO.:

PREMIER ISLAND MANAGEMENT
GROUP, LLC.

       DEFENDANT.

_____/

## COMPLAINT

Plaintiff, JONATHAN SHELINE, (hereinafter referred to as the "Plaintiff" or "SHELINE"), by and through his undersigned attorney, sues the defendant, PREMIER ISLAND MANAGEMENT GROUP, LLC. (hereinafter referred to as the "Defendant" or "PIMG"), and submits this Complaint which alleges the following:

### *JURISDICTION AND VENUE*

1.    This is an action to remedy discrimination on the basis of disability, and retaliation in the terms, conditions, and privileges of Plaintiff's employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes; Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008 (ADAA); and Florida's Workers' Compensation Retaliation Law § 440.205, Florida Statutes.

1

2.     Plaintiff further seeks declaratory, injunctive, and equitable relief pursuant to 28 U. S. C. §§ 2201, 2202 and 42 U.S.C. § 2000e-5(g).

3.     Costs and attorney's fees are sought pursuant to 42 U.S.C. §2000e-5(k), Fed. R. Civ. P. 54 and other Florida Statutes as set forth herein.

4.     This action lies in the Northern District of Florida, Pensacola Division, pursuant to 29 U.S.C. § 1391(b), because the action arose in this judicial district, and pursuant to 42 U.S.C. § 2000e-5(f)(3), because the unlawful employment practices were committed in this judicial district.

5.     Plaintiff has complied with all conditions precedent to the filing of this suit. Plaintiff's charge of discrimination was dual filed with the Florida Commission on Human Relations ("FCHR") and United States Equal Employment Opportunity Commission ("EEOC") on December 12, 2018. On June 1, 2018, more than 180 days lapsed since Plaintiff's charge was filed and the FCHR had not concluded its investigation or made a determination pursuant to Fla. Stat. § 760.11(3). Plaintiff thereafter requested and his 90 day Notice of Right to Sue letter from the EEOC which was mailed on August 6, 2019 and not received until August 9, 2019.

## *PARTIES*

6.  Plaintiff is a Caucasian male and a citizen of the State of Florida, Escambia County and who resides in Pensacola, Florida.  He was employed by the

2

Defendant from May 8, 2018 until November 1, 2018.

7.   Defendant, Premier Island Management Group, LLC. ("PIMG"), which operates as a full service property management and vacation rental organization. Defendant is located in Pensacola, Florida. Defendant is an employer within the meaning of the ADAA and the Florida Civil Rights Act as it employs more than 15 employees.

## *FACTS*

8.    Plaintiff is a 45 year old Caucasian male.

9.    Plaintiff was employed as an IT Specialist by Defendant, Premier Island Management Group. ("PIMG") in Pensacola, Florida from May 8, 2018 until his unlawful termination on November 1, 2018.

10.    During his employment with Defendant, Plaintiff performed his duties and responsibilities in a satisfactory manner.

11.    Plaintiff is an Army combat veteran with a 50% disability for PTSD.

12.    At the beginning of his employment Plaintiff was told that he would not have a set schedule and could come in from 7am – 9am; 3pm-5pm) depending on the work load.

13.    However, because of being short staffed, Plaintiff often worked more hours than the set hours and also came in on his days off.

14.     Plaintiff often worked with his wife's supervisor, Front Desk Direct, Kim Authement.

15.     Ms. Authement knew about Plaintiff's PTSD and depression.

16.     On July 7, 2018, Plaintiff's wife, who also worked for Defendant, decided to resign her employment with Defendant while Plaintiff remained employed.

17.     Shortly after Plaintiff's wife left Defendant's employment, Ms. Authement began to harass Plaintiff.

18.     On July 15, 2018, Plaintiff reported an incident with Front Desk Supervisor, Kim Authement.

19.     Plaintiff reported that he felt uncomfortable being asked to be in  a room alone with two female employees for a meeting about a prior complaint that Plaintiff had filed against Ms. Authement for not following the chain of command.

20.     This meeting was retaliatory and designed to intimidate and threaten Plaintiff.

21.     Plaintiffs compliant reported that he felt threatened due to his disability and attributed Ms. Authement's intentions and actions to some form of hostility towards him and his impairment.

22.     Defendant has had knowledge of Plaintiff's disabilities, PTSD, since May 8, 2018, and afterwards, when he informed Defendant including Ms.

Authement, he suffered from PTSD.

23.     Defendant and its supervisors, were aware of Plaintiff's disability.

24.     Plaintiff is a qualified individual with a disability:

(a)     he has a physical and/or mental impairment that substantially limits one or more major life activities:  he suffers from suffers from PTSD, stress and fatigue;

(b)     Plaintiff is under doctor's care for treatment of his mental disabilities.

(c)     he has a record of such impairment; and,

(d)     he was regarded by his employer as having impairments.

37.     Plaintiff's disabilities substantially affect the major life activities of concentration and mobility.

38.     Plaintiff had the ability to perform the essential functions of his position and did so until his termination.

39.     After Plaintiff's reporting of Ms. Authement's inappropriate conduct everything changed.

40.     On September 14, 2018, Plaintiff reported and claimed a work related injury.

41.     Plaintiff suffered from carpal tunnel.

42.     Plaintiff was ostracized and relegated to a small room to perform his duties.

43.     Being in this small room all day exasperated Plaintiff's PTSD and depression and Defendant knew it and continued to allow it to happen.

44.     Plaintiff asked for a reasonable accommodation to telecommute/ work remotely some of the days and maybe on weekends.

45.     This request was denied.

46.     On November 1, 2018, Plaintiff was informed that he was being terminated.

## FIRST CAUSE OF ACTION
### *(FLORIDA'S WORKERS' COMPENSATION RETALIATION § 440.205)*

47.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 46 of this complaint with the same force and effect as if set forth herein.

*48.*     Defendant's conduct and commissions constitutes intentional discrimination and unlawful employment practices based upon Workers' Compensation Law. FLA. STAT. § 440.205.

49.     Defendant's acts were with malice and with reckless disregard for Plaintiff's statutorily protected rights.

50.     This is an action to remedy discrimination and retaliation on the basis of Plaintiff's engaging in protective activity of informing Defendant of a work

related injury and seeking workers compensation benefits in the terms, conditions, and privileges of his employment with Defendant in violation of the Workers' Compensation Law. FLA. STAT. § 440.205.

51.    Any possible assertion that there was a viable business justification for the Plaintiff's demotion, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity.

52.    The adverse personnel action, Plaintiff's termination, clearly violated Plaintiff's right under the Workers' Compensation Law. FLA. STAT. § 440.205 and such action clearly constituted a prohibited employment practice, contrary to the public policy of the State of Florida.

53.    As a result of the Defendant's violations of the Workers' Compensation Law. FLA. STAT. § 440.205, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory actions that lead to his discharge from Defendant's employment.

54.    As a result of the Defendant's wrongful, unlawful and  retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the

unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

## SECOND CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - AMERICANS WITH DISABILITIES ACT, (ADA), AND AMERICANS WITH DISABILITIES ACT AMENDMENTS (ADAA))*

55.    Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 46 of this complaint with the same force and effect as if set forth herein.

56.    This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

57.    At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

58.    At all times material hereto, Defendant was an employer within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

59.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

60.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

61.    As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory  discharge from Defendant's employment.

62.    As a result of Defendant's wrongful,  unlawful, and retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

63.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

64.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

### THIRD CAUSE OF ACTION
*(DISABILITY RETALIATION - AMERICANS WITH DISABILITIES ACT, (ADA), 42 U.S.C. §§ 12111-12117, 12203; THE AMERICANS WITH DISABILITIES ACT AMENDMENTS OF 2008 (ADAA))*

65.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 46 of this complaint with the same force and effect as if set forth herein.

66.     This is an action to remedy discrimination on the basis of Plaintiff's disability in the terms, conditions, and privileges of his employment with Defendant in violation of the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

67.     At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

68.     At all times material hereto, Defendant was an employer within the

meaning of Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, as the Defendant employed more than 15 employees.

69. Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

70. The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

71. As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory demotion that lead to his discharge from Defendant's employment.

72. As a result of Defendant's wrongful, unlawful and retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been

experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

73.     Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

74.     Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Americans with Disabilities Act, (ADA), 42 U.S.C. §§ 12111-12117, 12203; the Americans with Disabilities Act Amendments of 2008.

## FOURTH CAUSE OF ACTION
*(DISABILITY DISCRIMINATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

75.     Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 46 of this complaint with the same force and effect as if set forth herein.

76.     Defendant discriminated against Plaintiff on the basis of his disability in the terms, conditions, and privileges of Plaintiff's denied employment in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

77.     At all times material hereto, Plaintiff was an employee of Defendant

within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

78.    At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

79.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation and discrimination against him for engaging in a protective activity and for any actual or perceived disability.

80.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

81.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and discriminatory termination that lead to his discharge from Defendant's employment.

82.    As a result of being wrongfully and unlawfully discriminated against that lead to his discharge from Defendant's employment, Plaintiff has been

experiencing anxiety and difficult economic circumstances, resulting from the unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

83.   Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

84.   Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## FIFTH CAUSE OF ACTION
*(DISABILITY RETALIATION - FLORIDA CIVIL RIGHTS ACT OF 1992, AS AMENDED, CHAPTER 760 ET SEQ., FLORIDA STATUTES)*

85.   Plaintiff repeats and re-alleges each and every allegation contained in paragraph 1 through 46 of this complaint with the same force and effect as if set forth herein.

86.   This is an action to remedy retaliation by the Defendant in violation of the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

87.   At all times material hereto, Plaintiff was an employee of Defendant within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

88.    At all times material hereto, Defendant was an employer within the meaning of Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, as the Defendant employed more than 15 employees.

89.    Any possible assertion that there was a viable business justification for the Plaintiff's termination, is entirely *pretextual* for Defendant's retaliation against him for engaging in a protective activity and for any actual or perceived disability.

90.    The adverse personnel action, the termination of Plaintiff's employment clearly violated Plaintiff's right under the Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes, and such action clearly constituted a prohibited employment practice, contrary to the public policy of the ADAA.

91.     As a result of the Defendant's violations of the Americans with Disabilities Act and Amendments, the Plaintiff has been substantially damaged, in that he has lost wages, associated job benefits; and in addition, he has sustained compensatory damages, based upon emotional distress, associated with the wrongful, unlawful and retaliatory discharge from Defendant's employment.

92.    As a result of Defendant's wrongful, unlawful, and  retaliatory actions that lead to his discharge from Defendant's employment, Plaintiff has been experiencing anxiety and difficult economic circumstances, resulting from the

unlawful discharge; and the Plaintiff has also sustained continued mental and psychological distress, due to the unlawful dismissal from employment.

93.    Plaintiff has retained the undersigned attorney to assist him, in the prosecution of this action, and he is obligated to pay said attorney a reasonable fee for his professional services.

94.    Plaintiff is entitled to recovery of reasonable attorney's fees and costs pursuant to Florida Civil Rights Act of 1992, as amended, Chapter 760 et seq., Florida Statutes.

## *PRAYER FOR RELIEF*

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment:

a.    Declaring the acts and practices complained of herein are violation of the ADAA, Florida Civil Rights Act (FCRA) and Florida's Worker's Compensation Retaliation § 440.205, Florida Statue.

b.    Enjoining and permanently restraining those violations of the ADAA, Florida Civil Rights Act (FCRA) and the Florida's Worker's Compensation Retaliation § 440.205 Florida Statue.

c.    Directing the Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practice are eliminated and do not continue to affect Plaintiff's employment opportunities;

d.      Directing Defendant to place Plaintiff in the position he would have occupied but for Defendant's discriminatory treatment of him and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including but not limited to, wages (past and future), pension, and other lost benefits.

    i.      Awarding Plaintiff Front Pay in lieu of reinstatement;

    ii.      Awarding Plaintiff compensatory damages;

    iii.      Awarding Plaintiff the costs of this action together with a reasonable attorney's fees; and,

e.      Granting such other and further relief as the Court deems just and proper in the premises.

### *DEMAND FOR JURY TRIAL*

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

Dated: October 31, 2019.          By: */s/ Clayton M. Connors*
                                     CLAYTON M. CONNORS
                                     Florida Bar No.: 0095553
                                     Email: cmc@westconlaw.com
                                     R. JOHN WESTBERRY
                                     Florida Bar No.: 244661
                                     Email: rjw@westconlaw.com
                                     **WESTBERRY & CONNORS, LLC.**
                                     4400 Bayou Blvd., Suite 32A
                                     Pensacola, Florida 32503

Tel:  (850) 473-0401
Fax: (850) 473-1388
Attorney for the Plaintiff